UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RANDY PATTERSON,                      )
                                      )
            Petitioner,               )
                                      )
v.                                    )        Nos.    1:03-CR-136-CLC-CHS-1
                                      )                1:14-CV-294-CLC
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )


### MEMORANDUM OPINION

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 [Docs. 51, 63].[1]  He bases the request for relief at least in

part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that

the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was

unconstitutionally vague [*Id.*].  The United States responded in opposition to the original pro se

petition on March 23, 2016 [Doc. 60], and requested that this Court stay resolution of the

supplemented petition pending *Beckles v. United States*, 137 S. Ct. 886 (2017), on July 25, 2016

[Doc. 63]—a request that this Court granted [Doc. 66].  Also before the Court are two pro se

requests to proceed *in forma pauperis* [Docs. 52, 55], and one pro se request for a copy of

Petitioner's "sentencing transcript" [Doc. 54].  For the reasons that follow, Petitioner's requests

to proceed *in forma pauperis* and for a copy of the sentencing transcripts will be **DENIED as**

---

[1]      On February 11, 2016, this Court appointed Federal Defender Services of Eastern
Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether or not
Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551
(2015).  *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016).  Consistent with that appointment, FDSET
filed a supplement challenging Petitioner's career offender status [Doc. 63].

**moot**.  The supplemented § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I.      BACKGROUND

In 2003, Petitioner pled guilty, and was subsequently convicted of, conspiring to distribute at least 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 30].  Based on a prior Georgia burglary conviction and a prior Georgia drug conviction, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 26, 31, 33].  In accordance with that designation, this Court sentenced Petitioner to 262 months' imprisonment [Doc. 30].  Petitioner appealed, and the Sixth Circuit affirmed his conviction and sentence [*Id.*].  The Supreme Court granted Petitioner's request for a writ of certiorari, remanding the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) [Docs. 36, 37].  Upon remand, this Court reimposed the same 262-month term of incarceration [Doc. 42].  Again, Petitioner appealed and, again, the Sixth Circuit affirmed his conviction and sentence [Doc. 47].  The Supreme Court denied a second request for a writ of certiorari on October 1, 2007 [Doc. 50].

On October 1, 2014, Petitioner filed his original petition for collateral relief [Doc. 51].  On June 24, 2016, FDSET filed a supplement seeking relief based on the *Johnson* decision [Doc. 63].

The supplemented § 2255 petition contains three grounds for collateral relief.[2]  First, Petitioner argues this Court erred when it categorized his prior Georgia drug conviction as a

_____

[2]      While Petitioner divides his arguments into four grounds, the first and second theories in his original filing amount to a single basis of collateral attack—improper categorization as a

"controlled substance offense" under Section 4B1.2 and claims the Court committed a miscarriage of justice when it applied the career offender enhancement based on that erroneous categorization [Doc. 51 pp. 4–6].  Second, he suggests he received ineffective assistance of counsel because counsel failed to object to, or advise Petitioner about the likelihood of, the career offender designation [*Id.* at 7].  Third, he argues the *Johnson* decision removed Georgia burglary from Section 4B1.2(a)'s definition of "crime of violence" and that, without that conviction, he lacks sufficient predicates for career offender enhancement [Doc. 63].

## II.    REQUESTS TO PROCEED *IN FORMA PAUPERIS*

The Court is in possession of Petitioner's pro se requests for leave to proceed *in forma pauperis* [Doc. 52, 55].  No such authorization or leave is required and thus the motions are moot.

## III.    PETITION FOR COLLATERAL RELIEF

### A.    Timeliness of Supplemented Petition

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

---

career offender because Petitioner's prior drug offense does not constitute a "controlled substance offense" under Section 4B1.2.

through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of Petitioner's supplemented § 2255 motion depends on whether or not its submission complied with subsections (f)(1) and (f)(3).

## 1. Subsections (f)(1) and (f)(3)

For purposes of subsection (f)(1)—under which the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). The Supreme Court denied Petitioner's second request for a writ of certiorari on October 1, 2007, and the statute of limitations began to run on that date. The window for requesting relief under subsection (f)(1) expired on October 1, 2008, six years before Petitioner filed the original pro se petition [Doc. 51], and nearly eight years before FDSET submitted the *Johnson*-based supplement [Doc. 63].

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as

justification for submitting the petition after June 28, 2013, only the claim for collateral relief based on the *Johnson* decision even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, Petitioner's other theories of collateral relief do not assert a newly recognized right and thus cannot rely on the one-year filing window under subsection (f)(3).[3] As a result, timeliness of those claims depend on whether or not Petitioner has established a basis for equitably tolling subsection (f)(1).

## 2. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and, as a result, the filing windows are subject to equitable tolling under limited and extraordinary circumstances. *Dunlap*

---

[3] Petitioner cites *Descamps v. United States*, 133 S. Ct. 2276 (2013), in an attempt to justify application of subsection (f)(3) to the theories for relief contained in his original pro se petition [Doc. 51 p. 12]. However, the *Descamps* decision involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolved this case."); *id* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely).

*v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Review of the petition, supplement, and CM/ECF record fail to reveal a single extraordinary justification for Petitioner's failure submit the claims contained in his original pro se petition within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Because those theories are all untimely, the Court will deny them without review.

### B.    Standard of Review of Remaining Ground for Relief

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### C.  Analysis of Remaining Ground for Relief

Only one ground in support of collateral relief remains: Petitioner's argument the *Johnson* decision removed Georgia burglary from Section 4B1.2(a)'s definition of "crime of violence" and that, without that conviction, he lacks sufficient predicates for career offender enhancement.[4]

On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017).  As a result, binding authority now dictates that the *Johnson* decision does not provide a

---

[4]      The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1). The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision.  135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S. Sentencing Manual § 4B1.1(a).  "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. See U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

basis for vacating, setting aside, or correcting Petitioner's career offender designation under Section 4B1.1.

## IV.    REQUEST FOR A COPY OF THE "SENTENCING TRANSCRIPTS"

In addition to the motions to proceed *in forma pauperis* and supplemented petition, this Court is also in possession of a pro se motion requesting copies of Petitioner's "sentencing transcripts" [Doc. 54]. The request is mooted by this Court's resolution of the underlying petition.

## V.    CONCLUSION

For the reasons discussed above, the supplemented § 2255 motion [Docs. 51, 63] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's pro se requests to proceed *in forma pauperis* [Docs. 52, 55] and for a copy of his "sentencing transcript" [Doc. 54] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P.22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**